Reese, J.
delivered the opinion of the court.
Several questions are made in argument in this case, but as the chancellor dismissed the bill upon the supposed invalidity of the grant of administration to the administrator, the complainant, it is chiefly important to inquire into the legal correctness of that ground. The decision of his honor, the chancellor, was based upon the decision of the court, in the case of Nelson’s lessee vs. Griffin, 2 Yerg. 624-632, which is, that the probate jurisdiction of the county court is a limited jurisdiction, and that, therefore, the order of the court in granting administration, must show that the person upon whose estate the grant of administration may be made, died intestate, and that his usual or fixed residence, at the time of *133 his death, was in the county of the grant. The case in which this decision took place, was probably decided right upon the facts; but the error in the dictum consists in the assumption of the principle that our courts of probate are of special and limited jurisdiction, and not in mistaken deductions or impressions, if the principle had been correct. Our courts of probate are not inferior, in the technical sense of that term, as used upon this subject at common law, nor is this jurisdiction special and limited; on the contrary, it is general, original and exclusive. In the exercise of such a jurisdiction, these courts are entitled to the presumption, that what they do is rightly done, and on just grounds. An inferior court, in the technical sense referred to, exercises a special and limited jurisdiction; and what it does in the exercise of such a jurisdiction, it must show, upon the face of the record, power and authority to do. But when a jurisdiction is granted, original and exclusive, the court exercising it cannot be called inferior, although there may be many other courts, which, in the course of appellate proceedings, may supervise and correct the exercise of its jurisdiction. See the case in 1 Saunders, already referred to during the present term in the case of Kilcrease heirs vs. Blythe, jr., where the rule is laid down on this subject with admirable precision, namely: “that nothing shall be intended to be out of the jurisdiction of a supreme court, but that which appears specially to be so; and, on the contrary, nothing shall be intended to be within the jurisdiction of an inferior court, but that which is so expressly alleged.” Our courts of probate fall under the first category in this rule set forth. The decision in 2 Yerg. has never been applied and expounded in any case since. See the cases of Brown vs. Wright, 4 Yerg. 57-66, and the case of Feltz vs. Clark, 4 Hump. 79; and see also the cases in N. C., arising upon the same statute of ’89, reported in 4 Devereux, L. R. 226, and 2 Devereux, Law. 360, and 2 Murphey, 418—in all which cases, records of the grant of administration were similar to that in the record before us, and did, not contain the two requisites mentioned in the dictum in 2 Yerger.
The decree of the chancellor, dismissing the bill, must be *134 reversed, and the decree for an account must be had in the case. But the principle of the decision in the case,of Moody vs. Fry, 3 Humph., and other cases, will exclude from the account all property and chóses in action, conveyed and assigned1 by the intestate in his life time.
The case will be reversed, and remanded to the chancery court, to be proceeded in. The complainant and the defendant, Lucretia Hart, will each pay one half of the costs of this court.